Neil B. Klein, Bar No. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, California 92612
Telephone: (949) 724-0200
Facsimile:   (949) 724-0201

Attorneys for: Plaintiff APM Terminals Pacific LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| APM TERMINALS PACIFIC LLC, | ) Case No.: |
| Plaintiff, | ) IN ADMIRALTY |
| vs. | ) **COMPLAINT FOR:** |
| PACIFIC CRANE MAINTENANCE COMPANY, L.P. | ) 1.  **BREACH OF CONTRACT** |
| Defendant. | ) 2.  **BREACH OF WARRANTY** |
| | ) 3.  **NEGLIGENCE** |

Plaintiff APM TERMINALS PACIFIC LLC ("Plaintiff") hereby files its Complaint for breach of contract, breach of warranty and negligence against defendant PACIFIC CRANE MAINTENANCE COMPANY, L.P. ("Defendant"), as follows.

**JURISDICTION ALLEGATIONS**

1.  This is a claim for damage to two Rubber Tire Gantry cranes ("RTG Cranes"), appurtenances thereto and related losses, arising out of the breach of one or more maritime contracts and negligence occurring upon navigable waters of the United States within this honorable court's maritime jurisdiction under 28 U.S.C.A. § 1333(1) and within Fed. R. Civ. P. 9(h) as hereinafter more fully appears. Alternatively, Plaintiff's cause of action for negligence is within this court's supplemental jurisdiction pursuant to 28 U.S.C.A. §1367(a).

2.  At all material times Plaintiff has been a limited liability company organized and existing under the laws of California, until it was converted on or about September 8th 2014 to a limited liability company organized under the laws of Delaware. Plaintiff is a port and terminal facilities operator that operates a marine container terminal in the Port of Los Angeles, California. Plaintiff is the owner of the RTG cranes.

3.  At all material times Defendant was and is a limited partnership organized and existing under the laws of Delaware. Based on information and belief Defendant is authorized to do business in California with its principal place of business at 250 West Wardlow Road, Long Beach, California, 90807, which is within the District wherein this court is held.  Defendant provides, among other things, vessel support, marine maintenance and repair services.

4.  Venue properly is in this District under 28 U.S.C.A. §1391(b)(1), (2) and (3).

## FACTUAL ALLEGATIONS

5.  On or about May 8th 1995, and at various times thereafter, Maersk Pacific Ltd., Plaintiff's predecessor in interest, entered into one or more maritime contracts with Defendant, whereby Defendant was to perform maintenance, repair and standby services for equipment owned, operated or under the control of Plaintiff at the Port of Los Angeles. A true and correct copy of the May 8th 1995 contract is attached hereto as Exhibit "A."

6.  In or about Dec 2014, Plaintiff arranged to transport the two RTG cranes by barge from Plaintiff's terminal at the Port of Tacoma to its terminal at the Port of Los Angeles. On or about Dec 9th 2014, Plaintiff offered and Defendant agreed that Defendant would prepare the RTGs cranes for loading, unloading and voyage from Tacoma to Los Angeles, which included securement of each crane's trolley. A true and correct copy of the Dec 9th 2014 offer is attached as Exhibit "B."

7.  On Dec 15th 2014, Defendant, through its employees and/or agents prepared the RTG cranes for loading and voyage. Among other things, Defendant secured

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY & NEGLIGENCE**

the 30-metric ton trolleys for each RTG crane to securing points welded by Defendant and provided support for the loading procedure. The trolleys were to remain secured and immobile aboard the barge while towed by the tug WESTERN NAVIGATOR during the coastal voyage from Tacoma to Los Angeles.

8.  Securement of the trolleys for the voyage was conducted by and under the sole control of Defendant.

9.  The ocean transport from the Port of Tacoma commenced on Dec 16th 2014 and the WESTERN NAVIGATOR arrived at the Port of Los Angeles on or about Dec 23rd 2014; however, on arrival, it was discovered that the RTG cranes had sustained substantial damage during the voyage.

10.  Following notice to Defendant, marine surveys were conducted and it was determined that during the coastal voyage, the trolleys broke free from the securing points on each RTG crane, which in turn caused the RTG cranes' spreader bars to break loose and damage the RTG cranes.

11.  The RTG cranes could not be driven off the barge upon arrival at the Port of Los Angeles as originally planned due to said damage, and remained onboard while an offload plan was prepared. Based on the size of the RTG cranes, a specialized crane adequate for offload operations had to be sourced and then trucked from Texas to the Port of Los Angeles.

12.  The RTG cranes were finally removed from the barge on or about Jan 3rd 2015, having incurred demurrage and additional lifting and survey charges and costs.

13.  The cost to repair the damaged RTG cranes is approximately $795,000. Plaintiff has also incurred expenses as a direct result of the matters alleged herein, including but not limited to survey, testing and demurrage costs and expenses, in a sum presently unknown to Plaintiff but reasonably estimated to be about $293,000. Total damages are in excess of $1,088,000.

/

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY & NEGLIGENCE**

**FIRST CAUSE OF ACTION**

**(Breach of Maritime Contract)**

14.  Plaintiff refers to paragraphs 1 through 13 herein inclusively and incorporates them herein as though fully set forth.

15.  Defendant, pursuant to the above mentioned maritime contract(s), agreed to safely prepare the RTG cranes and secure the trolleys on each crane, so they could be timely offloaded and returned to Plaintiff at the Port of Los Angeles upon arrival, such that the RTG cranes would complete the ocean transport in same condition as when loaded.

16.  Defendant materially and substantially breached the maritime contract(s) by failing to return the RTG cranes in the same condition, and instead returning the RTG cranes substantially damaged.

17.  Plaintiff performed all conditions and obligations required to be performed pursuant to the maritime contract(s), or is otherwise excused from the performance of such conditions and obligations.

18.  As a direct, foreseeable and proximate result of Defendant's material breach of contract, Plaintiff has suffered damages totaling approximately $1,088,000. No part of said sum has been paid by Defendant.

**SECOND CAUSE OF ACTION**

**(Breach of Warranty of Workmanlike Performance)**

19.  Plaintiff refers to paragraphs 1 through 13 herein inclusively and incorporates them herein as though fully set forth.

20.  The maritime contracts entered into between Plaintiff and Defendant include an implied warranty of workmanlike performance.

21.  Defendant failed to prepare the RTG cranes and secure the RTG cranes and trolleys in a workmanlike manner, in that Defendant failed to exercise the same care and diligence as would be exercised by ordinarily prudent and skillful business entities under the same circumstances as were presented to Defendant at the

relevant times, including but not limited to Defendant's failure to adequately and properly to secure the trolleys.

22. As a direct, foreseeable and proximate result of Defendant's breach of its warranty of workmanlike performance, Plaintiff has been damaged in the approximate sum of $1,088,000. No part of said sum has been paid by Defendant.

## THIRD CAUSE OF ACTION

### (Negligence)

23. Plaintiff refers to paragraphs 1 through 13 herein inclusively and incorporates them herein as though fully set forth.

24. The aforesaid damages were caused proximately and solely by the act(s) and omission(s) of Defendant which included, but are not limited to:

    a. Failing to properly weld securing points for the trolleys;

    b. Failing to properly secure the trolleys so they would remain immobile during the coastal voyage;

    c. Failing to use properly trained and knowledgeable personnel to prepare the RTG cranes and secure their trolleys for the voyage;

    d. Failing properly to inspect and test that the RTG crane and trolleys were properly secured prior to the voyage;

    e. Failing properly to oversee and control the preparation of the RTG cranes and securement of the trolleys; and

    f. Failing to protect the RTG cranes and trolleys.

Each and all of said acts and omissions breached the duty, owed by Defendant to Plaintiff, to act with reasonable care in the preparation of the RTG cranes and securement of the trolleys.

25. As a direct and foreseeable result of Defendant's breach of the duty of reasonable care owed to Plaintiff, Plaintiff has been damaged in the approximate sum of $1,088,000. No part of said sum has been paid by Defendant.

/

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY & NEGLIGENCE**

WHEREFORE, Plaintiff prays as follows:

1. That judgment be entered in its favor and against Defendant for the total amount of the damages sustained, presently believed and alleged to be $1,088,000, together with pre- and post-judgment interest thereon;

2. Attorney's fees and costs; and

3. For all other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

Dated: December 22, 2015

*/s/ Neil B. Klein*

Neil B. Klein
Maria del Rocio Ashby
**MCKASSON & KLEIN LLP**
Attorneys for Plaintiff
APM Terminals Pacific LLC

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY & NEGLIGENCE**